UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK WUNDERLI, | ) |
| Movant, | ) |
| v. | ) No. 4:14-CV-1765-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Movant, a federal prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, on the grounds of ineffective assistance of counsel. This matter is before the Court on movant's motion for appointment of counsel. [Doc #3]. The motion will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. The only ground movant raises for appointing counsel is that, after paying his trial counsel, he is now destitute and unable to retain counsel. The claims and underlying facts of this case are relatively straight forward and do not involve any complex legal issues. Moreover, based on movant's presentation of the issues in his petition, he seems quite capable of litigating this action on his own. Therefore, his motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for appointment of counsel [Doc. #3] is **DENIED** without prejudice.

Dated this 28th day of October, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**