# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARK WUNDERLI, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-01765 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Mark Wunderli's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and supplements. (Docs. 1, 12, 21, 22.) The Government has responded. (Doc. 11.) For the following reasons, Movant's petition is **DENIED** and this action is **DISMISSED with prejudice**.

### I. Introduction and Background

Movant was indicted on one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 49 in *United States v. Wunderli*, No. 4:11-cr-00538.) On May 15, 2013, Movant pleaded guilty pursuant to a plea agreement to the first count in exchange for the Government's agreement not to pursue the second. (Doc. 81 in *Wunderli*, No. 4:11-cr-00538 [hereinafter Plea Agreement]; Doc. 120 at 12-13, 26 in *Wunderli*, No. 4:11-cr-00538 [hereinafter Plea Tr.].)

After initially pleading not guilty, Movant filed several pretrial motions to suppress and for disclosure of evidence. A hearing was held at which counsel for Movant argued diligently.

The magistrate judge recommended denying each motion as either moot or on its merits. After the Court adopted the recommendation, *United States v. Wunderli*, No. 4:11-cr-00538, 2012 WL 1432586, at *1 (E.D. Mo. Apr. 25, 2012), the Movant notified the Court that he intended to change his plea. The written plea agreement set out the offense conduct and the range of penalties and included a waiver of appeal and post-conviction rights except in instances of prosecutorial misconduct and ineffective assistance of counsel. (Plea Agreement.)

At the change-of-plea hearing, the Court questioned Movant extensively. Under oath, Movant affirmed that he understood the offense conduct and that he had committed each element of the crime. (Plea Tr. at 12-13.) Movant agreed that the Government's recitation of the facts, including his criminal conduct, were true. (*Id*. at 15.) Movant stated that he understood the presentence report, the range of punishment, and the relevant post-release conditions. (*Id*. at 16-21.) Movant affirmed his understanding that he was waiving the majority of his appeal and post-conviction rights. (*Id*. at 22.) Movant expressly stated that he had read and understood the conditions of the plea agreement, that he had had an opportunity to discuss them with his counsel, and that he had no questions for his counsel or the Court. (*Id*. at 10.) Movant affirmed on five occasions that his plea was knowing and voluntary. (*Id*. at 10, 22-23, 26.)

Movant also affirmed that he was satisfied with his counsel's representation. (*Id*. at 7.) He stated that counsel had answered all of his questions, done everything Movant had asked him to do, had explained the nature and elements of, and possible defenses to, the charges, as well as the potential consequences of Movant's guilty plea. (*Id*. at 6-7.) When asked by the Court directly, Movant answered that he had no questions about counsel's representation or his case. (*Id*.)

The Court accepted Movant's plea and a presentence report was prepared. (Doc. 88 in

*Wunderli*, No. 4:11-cr-00538 [hereinafter PSR.].) The report calculated a guideline range of 78 to 96 months in prison to be followed by a supervised release term of five years to life. (*Id*. at 14-15.) The conviction carried a five-year minimum. (*Id*.) Counsel for Movant filed a twenty-page memorandum arguing for a below-guidelines sentence of 60 months. (Doc. 93 in *Wunderli*, No. 4:11-cr-00538.)

At sentencing, the Court again confirmed that Movant's guilty plea was knowing and voluntary. (Doc. 111 at 4 in *Wunderli*, No. 4:11-cr-00538 [hereinafter "Sentencing Tr."].) When asked whether counsel had adequately explained the case and answered all of Movant's questions, Movant respond, "It has been a long confusing amount of proceedings for me. I believe in good faith. [Counsel] has been doing a lot. . . . I believe here in the Federal Court I think he has done a well job." (*Id*. at 4-5.) When the Court asked if there was anything Movant had asked counsel to do that counsel had not done, Movant responded, "There was evidence that I brought up at one time. [Counsel] referred to it. It would be the proverbial smoking gun that would put the case at rest. When I obtained the evidence, it was discarded as not being relevant." (*Id*. at 5-6.) The Court asked whether Movant believed there was evidence that would exonerate him,[1] and Movant replied, "I thought it might when I originally brought it up it. It sounded like it might be, but then after I got the evidence, [counsel] informed me that it was not—so maybe it was a misunderstanding when it was first talked about, or I don't know so." (*Id*. at 6.) The Court then asked Movant if he was denying his guilt, to which Movant responded, "No. I have stood here and taken that plea," but added, "When I pled, I misunderstood what I was pleading to. I thought I was pleading to . . . the Possession, the one that did not have a five-year minimum." (*Id*. at 6-7.) The Court reminded Movant that he had signed the written plea

---

[1] Movant describes documentation showing that he was "over a thousand miles away from St. Louis" when images were being downloaded on his computer. (Doc 111. at 14.)

- 3 -

agreement, which expressly stated that Movant was pleading guilty to receipt of child pornography and that the crime carried a five-year minimum sentence. (*Id*. at 8.) Movant agreed that he had read the agreement and knew when he pleaded guilty to receipt of child pornography that he faced a five-year minimum. (*Id*.)

When the Court inquired again about the "smoking gun" evidence, counsel interjected that he and his investigator had "reviewed every single page of evidence the Government had in this case," that he had interviewed "well over 22 witness" identified by Movant, and that he had retained an information-technology expert to evaluate the computer evidence involved in the case. (*Id*. at 9-10.) Counsel stated that he and his investigator looked into the "smoking gun" evidence and determined that it would not benefit Movant in the way he suggested.[2] (*Id*. at 12.) In addition, counsel told the Court that he had read the plea agreement to Movant verbatim and had explained "the legal ramifications associated with entering a plea agreement." (*Id*.) After again confirming with Movant that he was guilty of receipt of child pornography, the Court indicated that it believed counsel had devoted a significant amount of time and effort to Movant's defense and had negotiated a very favorable plea agreement on his behalf. (*Id*. at 16-17.) The Court ultimately sentenced Movant to a term of 92 months in prison to be followed by lifetime supervised release. (*Id*. at 43-44.) The Court ordered the sentence to run concurrent to any term imposed in the associated state law case. (*Id*.)

Movant waited nearly five months to appeal. (*See* Doc. 106 in *Wunderli*, No. 4:11-cr-00538.) On August 19, 2014, the Eighth Circuit denied the appeal. (*See* Doc. 123 in *Wunderli*, No. 4:11-cr-00538.) On October 17, 2014, Movant filed this § 2255 motion, advancing several

---

[2] Counsel informed the Court that Movant was actively downloading images when the police entered his home to execute the search warrant and that the time period Movant referenced actually aligns with a break in downloading. (Sentencing Tr. at 15.)

instances of ineffective assistance of counsel, alleging:

   a. Counsel lied and misrepresented himself and information;
   b. Failed to communicate the case status, information regarding investigations, etc.;
   c. Told Movant that he had a good case for over a year and then "in the last couple of weeks" told Movant that he had no case and pressured him to accept the plea agreement;
   d. Misinformed Movant about "the full conditions of [his] plea and its ramifications such as term of supervision;"
   e. Failed to contact all the witnesses that Movant identified and misrepresented others' statements;
   f. Failed to provide Movant information regarding appeals;
   g. Failed to investigate or present exculpatory evidence;
   h. Routinely failed to provide promised documents and evidence;
   i. Argued against Movant at sentencing; and
   j. "[F]ailed to provide other legal services."

(Doc. 1.) The Government answered, arguing that the motion should be dismissed as untimely and that his ineffective assistance claim failed on its merits. (Doc. 11.) Thereafter, Movant filed with leave of court two supplements to his motion. (Docs. 12, 21, 22.) In the supplements, Movant adds that his counsel was ineffective because:

   k. Counsel encouraged Movant to enter a "false plea that was both involuntary and unknowing;"
   l. Failed to present at sentencing several supporting letters;
   m. Changed Movant's plea after he had signed it;
   n. Did not challenge the warrant or its execution;
   o. Did not investigate apparent irregularities in screenshots of his computer;
   p. Labored under a conflict of interest;
   q. Committed "sentencing failures;"
   r. Failed to file a "motion for Voluntary Surrender;" and because
   s. The cumulative effect of counsel's many errors violated due process.

(Docs. 12, 21, 22.)

## II. Analysis

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). The movant must show that the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

1. **Timeliness**

The Government argues that Movant's motion should be dismissed as untimely. A § 2255 motion is subject to a one-year period of limitations. 28 U.S.C. § 2255(f). In most cases, that period begins to run on the date the movant's conviction becomes final. 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time to appeal runs out. *See Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)). Under Federal Rule of Appellate Procedure 41(b)(1)(A), a criminal defendant must file his notice of appeal within fourteen days of the entry of judgement.

Judgment in Movant's conviction was entered on October 1, 2013. (Doc. 103 in *Wunderli*, No. 4:11-cr-00538.) Movant filed his notice of appeal on February 28, 2014. (Doc. 106 in *Wunderli*, No. 4:11-cr-00538.) The Eighth Circuit denied the appeal as untimely. (Doc. 124 in *Wunderli*, No. 4:11-cr-00538.) The Government asserts that Movant's conviction became final on October 15, 2013, at the expiration of the time to timely appeal to the Eighth Circuit. (Doc. 11 at 3-4.) Thus, the Government argues, the period of limitations expired one year later, on October 15, 2014. (*Id.*) The Court agrees; Movant's failure to appeal started the clock running fourteen days after the Court's judgment was entered and the limitations period ended one year later, on Wednesday, October 15, 2014. Movant's October 17, 2014, § 2255 motion was therefore untimely.

For his part, Movant does not dispute that his appeal was untimely. (Doc. 1 at 24.) Instead, he argues that he was unable to timely appeal because of his confinement. (*Id*.) On that basis, he suggests that he is entitled to equitable tolling and asserts that the limitations period should begin in April 2014, when he finally gained access to legal resources. (*Id*.; Doc. 22 at 7-9.) "A movant seeking equitable tolling must establish: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (quoting *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)).

The Eighth Circuit has been hesitant to accept a prisoner's confinement as the sort of "extraordinary circumstance" supporting equitable tolling. *See Muhammad*, 735 F.3d at 815. Like in *Muhammad*, Movant sent letters to the court before the period of limitations expired, "which suggests he had access to paper and writing implements." *Id*. Likewise, the Eighth Circuit does not consider limited or no access to legal resources sufficient. *Id*. (citing *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000).

To the extent Movant argues that his counsel's ineffective assistance caused him to miss the deadline for filing his notice of appeal (*see, e.g.*, Doc. 1 at 9 ("[counsel] never provided me with information on appeals"); Doc. 106 in *Wunderli*, No. 4:11-cr-00538 ("I received a letter from my atty. stating that I should fill out the enclosed form to begin the appeals process. There was no enclosed form.")), the Court concludes that counsel's alleged negligence does not rise to the level necessary to support equitable tolling. The Eighth Circuit typically requires repeated failures by the attorney in the face of ongoing requests for assistance from the client. *See Muhammad*, 735 F.3d at 816. While Movant asserts that counsel failed to communicate throughout his criminal proceedings, he does not allege that counsel ignored any request by

Movant to file an appeal. Indeed, Movant states in his notice of appeal that forty-five days went by after his sentencing before counsel contacted him, but he never suggests that he was seeking counsel's help in the meantime. Moreover, the Court clearly advised Wunderli at sentencing that he had the right to appeal, that he must file a notice of appeal within fourteen days, and that the Clerk of the Court would file one on his behalf at his request. (Sentencing Tr. at 48.)

Movant also apparently misconstrues the Court's August 5, 2015, order granting him an extension of time to file his supplement as mooting any timeliness issue. (*See* Doc. 18; Doc. 21 at 2 ("[T]he honorable court has granted extension of time . . . I presume the filing as a whole to be on time . . . and the objections of timely filing to be moot.").) The Court's order does not affect the limitations period, which had run nearly ten months earlier.

Accordingly, the Court concludes that Movant's § 2255 motion was untimely and is subject to dismissal as time-barred.

**2. Ineffective Assistance of Counsel**

In addition to being untimely, Movant's ineffective assistance claim fails on the merits. To prove ineffective assistance of counsel, a movant must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard is "highly deferential." *Id*. at 689.

a. Counsel's representation regarding Movant's plea

Movant alleges several instances of ineffective assistance surrounding his guilty plea. He asserts that counsel advised him to accept the plea agreement after leading Movant to believe for more than two years that he had a good case, that counsel failed to adequately and accurately

inform Movant about the conditions and consequences of the plea agreement, that counsel changed the plea agreement after Movant had signed it, and that counsel's failures led Movant to "perjure" himself by making an involuntary and unknowing guilty plea. (Doc 1 at 8-9; Doc. 21 at 3-4; Doc. 22 at 4, 28-34.)

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[I]n order to satisfy the 'prejudice' requirement" in the context of a plea agreement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant asserts that for more than two years counsel repeatedly told Movant that he had a great case and then suddenly began advising him to plead guilty despite Movant's continued declarations of innocence. (*See, e.g.*, Doc. 22 at 4.) Movant also asserts that counsel failed to adequately and accurately explain the conditions and consequences of his plea and actually changed the plea agreement after Movant had signed it. (Doc. 1 at 6-8; Doc. 22 at 29-34.)

At the change-of-plea hearing, however, Movant testified under oath that he was guilty of the crime; that he had read the plea agreement, discussed it with counsel, and understood its contents and consequences; that counsel had answered all of his questions, explained the plea agreement, had done everything that Movant had asked; and affirmed to the Court that he had

"been fully advised as to all aspects of [his] case, including [his] legal rights and the possible consequences of [his] plea." (Plea Tr. at 7.) "Such '[s]olemn declarations in open court carry a strong presumption of verity.'" *Feather v. United States*, 9 F.3d 114 (8th Cir. 1993) (quoting *Porter v. Lockhart*, 925 F.2d 1107, 1111 (8th Cir. 1991)).

At sentencing, when Movant expressed for the first time that he had been confused about the plea agreement, counsel addressed the Court and reported that he had met with Movant dozens of times and that he had collected "a whole wall of discovery" regarding Movant's case. (Sentencing Tr. at 10.) In addition, counsel told the Court that he and an associate had met with more than twenty-two witnesses in an attempt to identify any exculpatory evidence or affirmative defense. (*Id.*) Counsel stated that he had provided to Movant a detailed account of those efforts. (*Id.*) Counsel affirmed those statements under penalty of perjury in an affidavit filed with the Government's response. (Doc. 11-1.) In addition, counsel told the Court at sentencing that he had hired an information technology expert to investigate the digital aspects of Movant's case. (Sentencing Tr. at 10.)

The Court concludes that counsel's exhaustive investigation into all aspects of Movant's case reasonably led him to advise Movant to accept the plea agreement and that counsel's advice was therefore "within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 771. Movant's assertions to the contrary are not credible in light of his sworn testimony at the change-of-plea hearing. Likewise, the Court is not persuaded by Movant's assertions at sentencing and in his motion that he was uninformed, misinformed, or otherwise misled by counsel. Indeed, Movant's assertion that he would have rejected the plea agreement and gone to trial rings hollow in light of his testimony at the change-of-plea hearing— that he understood the elements of the crime, that the Government's description of his actions

was accurate, and that he committed the crime as charged (Plea Tr.)—his testimony at sentencing—reaffirming his guilt on multiple occasions when asked by the Court (Sentencing Tr.)—and the very favorable negotiated plea agreement—dismissing one charge against Movant, excluding a four-level enhancement, and running any term concurrently with any state sentence (Plea Agreement; PSR). Movant simply has not shown that counsel's performance was deficient with regard to his plea or that he was prejudiced.

b. Counsel's representation prior to Movant's plea

Movant alleges numerous instances of ineffective assistance occurring prior to his guilty plea, including deficient investigation by counsel, a failure to suppress evidence, and poor communication. (Docs. 1, 12, 21, 22.) However, "[a] defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)). Indeed, "a valid guilty plea operates as a waiver of all non-jurisdictional defects or errors." *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994) (quoting *Camp v. United States*, 587 F.2d 397, 399 (8th Cir. 1978)). Having already concluded that Movant's plea was knowing and intelligent and not the product of ineffective assistance of counsel, the Court concludes that Movant's guilty plea waived any allegation of ineffective assistance based on counsel's actions before the change-of-plea hearing.

c. Counsel's representation at sentencing

Movant makes several allegations of substandard representation at sentencing. (Docs. 1, 12, 21, 22.) When it comes to sentencing, "any amount of [additional] jail time has Sixth

Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (quoting *Glover v. United States,* 531 U.S. 198, 203–204 (2001)) (alteration in original).

Movant first argues that counsel failed to correct a mathematical mistake in the presentence report. (Doc. 22 at 36.) Specifically, Movant asserts that his total offense level should be 25, not 28. (*Id.*)

Movant correctly states that his presentence report assigned him a base offense level of 22. (PSR at ¶ 24.) Movant is also correct that he was subject to three enhancements: one because the images included prepubescent minors, a second because Movant had used a computer to store and view them, and a third because Movant had more than 600 images. (PSR at ¶¶ 24-27.) However, Movant incorrectly states that each enhancement corresponded to a two-level increase. (Doc. 22 at 36.) The 600+ images enhancement increases the offense level by *five*, not two. (*See* PSR at ¶27); U.S.S.G. § 2G2.2(b)(7)(D). When adjusted to include the full effect of that enhancement and the three-level reduction for accepting responsibility (PSR at ¶¶ 33), the resulting total offense level is 28, as stated in the presentence report. Counsel was not ineffective for failing to challenge the presentence report in this way.

Movant next argues that he was prejudiced when counsel did not present letters of support or allow Movant's family to speak at sentencing. (Doc. 21 at 4; Doc. 22 at 35.) He baldly asserts that "letters and statements and support system has frequently impacted decisions of courts, as well as sentencing, and had these been submitted and heard from the results may likely [have] been different." (Doc. 21 at 4.)

The Court disagrees. Movant faced a guidelines sentencing range of 78 to 97 months. (PSR at ¶ 69.) He was sentenced to a within-guidelines term of 92 months in prison. (Sentencing Trans. at 43.) At sentencing, counsel identified Movant's children who were present

in support of Movant.  (*Id.* at 38.)  In addition, counsel notes in his lengthy and thorough sentencing memorandum that Movant's children had written to the Court directly.  (Doc. 93 at 1 in *Wunderli*, No. 4:11-cr-00538.)  Movant does not allege that his children or any other person had evidence that would change the Court's analysis of the § 3553(a) factors.  In short, Movant fails to show that he was prejudiced by counsel's decision not to ask Movant's supporters to address the Court in person.

Movant also asserts that counsel argued against him at the hearing, which demonstrated a conflict of interest between counsel and Movant.  (Doc. 1 at 9; Doc. 22 at 2).  The Court understands this to concern counsel addressing the Court at sentencing.  (*See, e.g.*, Sentencing Trans. at 9.)  It is clear from the sentencing transcript that counsel addressed the Court when Movant suggested that his guilty plea was the result of counsel's failure to investigate evidence and witnesses and to explain the plea to Movant.  (*Id.* at 7-13.)  That discussion was necessary to ensure that Movant's plea was knowing and voluntary once Movant raised doubts—the Court's prior significant inquiry at the change-of-plea-hearing notwithstanding.  Movant's belated attempt to reframe counsel's statements as an unwarranted attack on his credibility is unpersuasive.  In addition, the Court notes that Movant fails to explain how counsel's statements affected his sentence.  For the same reasons, Movant's argument that counsel's statements demonstrate that his loyalty was divided also fails.

Finally, Movant's allegation of additional unspecified "sentencing failures" (Doc. 21 at 9), is too vague to support habeas relief.  The Court therefore concludes that counsel did not provide ineffective assistance regarding sentencing.

        d.  <u>Counsel's failure to provide information regarding appeals</u>

As discussed above with regard to equitable tolling, Movant does not assert that counsel ignored any direct request for assistance in filing an appeal. Moreover, the Court notes that Movant's plea agreement included a waiver of all rights to appeal his conviction and sentence. (Plea Agreement at 7.) The only exceptions are issues of prosecutorial misconduct and ineffective assistance of counsel. Movant makes no allegation of prosecutorial misconduct and the Court has already found that counsel was not ineffective leading up to Movant's guilty plea or at sentencing. The Court therefore concludes that Movant had no meritorious claims available to him on appeal and therefore counsel's alleged failure to assist him in filing an appeal, even if true, was not prejudicial. Likewise, as noted above, the Court advised Movant of his appeal rights, including that the Clerk of the Court would file a notice of appeal upon request and that it had to be filed within fourteen days. (Sentencing Tr. at 48.)

e. Counsel's failure to "file a motion for Voluntary Surrender"

Movant asserts in one sentence that counsel was ineffective because he failed "to file a motion for Voluntary Surrender." (Doc. 21 at 9.) He makes no other reference to this claim. Such "conclusory allegations unsupported by specifics [are] subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (U.S. 1977).

f. Cumulative error

In his final ground for habeas relief, Movant argues that the cumulative effect of counsel's many errors prejudiced him. The Eighth Circuit does not recognize cumulative error as grounds for habeas relief. *See Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) ("In our circuit a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test.").

III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Movant Mark Wunderli's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 27th day of March, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**